**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEWEL SHEPARD, | |
| Plaintiff, | 3:15-cv-00058-RCJ-VPC |
| vs. | **ORDER** |
| RICHARD K. BELL et al., | |
| Defendants. | |

This case arises from the alleged conduct of the various Defendants related to property awarded to Plaintiff's ex-spouse, Defendant Richard K. Bell ("Bell"), in the parties' divorce decree. Pending before the Court are Motions for Demand for Security of Costs filed by Defendants Bell, Cheryl Lynn Sell-Bell ("Sell-Bell"), and Alison Colvin (ECF Nos. 37, 38). Defendants Bell, Sell-Bell, Nan Carpenter and Keller Williams have also filed Motions to Dismiss (ECF No. 43, 48). Plaintiff has filed a Motion for Leave to Amend her First Amended Complaint ("FAC"). (ECF No. 47).[1]

**I.   FACTS AND PROCEDURAL HISTORY**

Plaintiff filed her original Complaint on January 27, 2015 alleging fraud, conspiracy, and negligence against the various Defendants, proceeding *pro se*. On March 27, 2015, the Court granted motions to dismiss filed by Carpenter and Keller Williams for lack of subject-matter

---

[1] Also pending on the docket are Motions to Dismiss (ECF Nos. 27, 30) filed in response to the original complaint that has since been amended.

1

jurisdiction. The Court explained that Plaintiff had failed to allege any viable cause of action under federal law and that she also did not establish jurisdiction based on diversity of citizenship because she omitted any factual assertions related to the domiciles of the parties. (ECF No. 33). The Court granted leave to amend the Complaint so that Plaintiff could correct these deficiencies. Plaintiff filed her FAC on April 9, 2015, (ECF No. 36), at which time the FAC became the operative pleading in this case.

The FAC alleges the following. Plaintiff and Defendant Bell were divorced in October 2010, and Bell was awarded the couple's home located at 2345 Goodman Road, Reno, Nevada 89521 ("Goodman Property"). (FAC 1). The parties' divorce decree required Bell to refinance the mortgage on the Goodman Property in his name, which Plaintiff alleges he has never done. She also claims that Bell took out a loan modification in her name and without her approval. (*Id.* at 2). Plaintiff alleges that after Bell refused to refinance the Goodman Property, she contacted Carpenter and Keller Williams to act as the realtor and broker for a short sale of the home. (*Id.* 2–3). Bank of America, the mortgage holder, approved the short sale once a buyer was found, but Plaintiff alleges that Bell turned the sale down. (*Id.* at 2). Plaintiff complains that Carpenter and Keller Williams never consulted with her regarding the terminated sale despite a signed contract between them. (*Id.*).

After this cancelled sale, Plaintiff and Bell again contracted with Keller Williams to sell the Goodman Property. (*Id.* at 3). However, Plaintiff alleges that Carpenter began copying Bell's attorney, Defendant Colvin, on all correspondence related to the sell and that somehow this resulted in another failed sale in June 2014. (*Id* at 3–4). Plaintiff contends that neither Carpenter nor anyone else at Keller Williams notified her of the terminated sale and that Bell was simply attempting to retain ownership of the Goodman Property without any of the financial obligation.

2

1  (*Id.* at 4). Based on these facts, Plaintiff alleges that Defendants Bell, Sell-Bell, Colvin,
2  Carpenter, and Keller Williams are all liable for intentional interference to her prospective
3  economic advantage. (*Id.*).

4  Separately against Defendant Colvin, Plaintiff alleges a violation of "the Consumer
5  Protection Act; False Advertising," a violation of the Nevada Rules of Professional Conduct, and
6  fraud. (*Id.* at 12). Plaintiff claims that Colvin has been somehow deceptive in advertisements
7  related to her legal work and that Colvin is "super guilty" of attorney misconduct, which Plaintiff
8  asserts should result in a two-year suspension of Colvin's law license. (*Id.* at 13).

9  As part of the FAC, Plaintiff also adds allegations against Bank of America and a
10 financial institution called Bayview. (*Id.* at 5–12). Neither is currently named as a party in this
11 case and the allegations against them relate to a totally separate property. Allegedly, Bank of
12 America and Bayview, and other related entities, engaged in predatory lending as to another
13 home owned by Plaintiff and Bell before their divorce and located at 2190 Marsh Avenue, Reno,
14 Nevada 89509 ("Marsh Property"), which was awarded to Plaintiff in the divorce decree.
15 Plaintiff claims that her mortgage on this home was sold back and forth between multiple
16 financial institutions without Plaintiff ever being informed of the transfers in violation of federal
17 law. (*Id.* at 6). Plaintiff does not explain, and indeed it appears that she does not allege, that
18 Bank of America's and Bayview's alleged unlawful practices relate in any way to the claims
19 raised against the currently named Defendants.

20 In response to Plaintiff's FAC, Defendants Bell, Sell-Bell, and Colvin filed their Motions
21 for Demand for Security Costs requesting that the Court order Plaintiff to post $500 per
22 Defendant as security for costs pursuant to N.R.S. 18.130. (ECF Nos. 37, 38). On April 28,
23 2015, Defendants Carpenter and Keller Williams filed a Motion to Dismiss the FAC, again for

1 lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), or alternatively for dismissal of the
2 claims against them pursuant to Rule 12(b)(6). (ECF No. 43).  Shortly thereafter, Plaintiff filed a
3 Motion to Amend the FAC for the purpose of adding her Truth-in-Lending claims against Bank
4 of America and Bayview. (ECF No. 47).  Finally, on June 2, 2015, Defendants Bell and Sell-Bell
5 filed a Motion to Dismiss based on Plaintiff's failure to post security of costs within the time
6 frame presented in the statute. (ECF No. 48).

## II. MOTION TO AMEND

The Court will first address the docketing issue of Plaintiff's Motion to Amend the FAC. The general rule is that a court should "freely give leave" to amend a party's pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).  And although this policy is applied with "extreme liberality," amendment need not be allowed if the proposed claims or parties set forth in the amended complaint would "greatly alter[] the nature of the litigation . . . ." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1078 (9th Cir. 1990); *see also R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1124 (9th Cir. 2011) (denying plaintiffs' request to include a new theory of relief because "[p]leading is not like playing darts: a plaintiff can't keep throwing claims at the board until she gets one that hits the mark"); *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982) (denying plaintiff's attempt to amend the complaint to add new claims against a new party because it was an "attempt[] to transform the nature of the lawsuit from a malpractice action against a pharmacist to a products liability action against a manufacturer").  Moreover, the court's discretion to grant or deny leave is "especially broad" where the plaintiff has already been given an opportunity to amend. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989).

In this case, Plaintiff's amendment to her pleading would greatly alter the nature of the litigation and transform what appears to be a case premised on the alleged tortious conduct of the named Defendants into a federal action against an unrelated financial institution. More importantly, though, the proposed amendment would allege unlawful lending practices against unnamed parties based on the mortgage of a property that appears to be unrelated to the original claims Plaintiff raised. The Marsh Property and the Goodman Property are two separate marital homes owned by Plaintiff and Bell prior to their divorce; Plaintiff was awarded one while Bell was awarded the other. The claims Plaintiff makes here against Bell, Sell-Bell, Colvin, Carpenter, and Keller Williams have nothing to do with the Marsh Property. And the allegations Plaintiff raises against Bank of America and Bayview in no way implicate any of the named Defendants, except maybe tangentially as to Bell.

Since the proposed defendants, causes of action, and subject property of those causes of action are all separate and distinct from what Plaintiff has alleged thus far in the instant case, the Court finds that allowing Plaintiff's proposed amendment would materially alter the current nature of this litigation. For that reason, Plaintiff's Motion for Leave to Amend is denied. The Court notes, however, that Plaintiff is free to raise her grievances in a separate case by filing a complaint against Bank of America, Bayview, and anyone else she believes has violated the law in relation to the Marsh Property. *See Fraser*, 674 F.2d at 860 (encouraging plaintiff to pursue claims against manufacturer in separate suit). Those claims just do not fit properly in this case as Plaintiff chose to present it, and allowing the proposed amendment would essentially result in two different cases proceeding as one, which would be confusing and unnecessarily burdensome.

///

///

## III. MOTION TO DISMISS

Having denied Plaintiff's request for leave to amend her FAC, the Court now turns to the Motion to Dismiss filed by Defendants Carpenter and Keller Williams. Defendants challenge the Court's jurisdiction based on the face of Plaintiff's FAC. In other words, Defendants argue that even if the Court accepts all the facts contained in the FAC as true, *see Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), Plaintiff has still failed to establish subject-matter jurisdiction, which is a burden Plaintiff must carry as the party invoking the Court's jurisdiction, *Wright v. Incline Vill. Gen. Imp. Dist.*, 597 F. Supp. 2d 1191, 1198 (D. Nev. 2009) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)).

A federal court must dismiss a case if it lacks jurisdiction over the subject matter thereof. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Subject-matter jurisdiction arises in federal court if the plaintiff has asserted a cause of action under federal law. 28 U.S.C. § 1331. Alternatively, subject-matter jurisdiction is present if the plaintiff demonstrates that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If a plaintiff alleges both a federal law cause of action and a state law cause of action, but fails to show that diversity exists, a federal court may nevertheless exercise jurisdiction over the state law claim if it is part of the same case or controversy giving rise to the federal cause of action, pursuant to certain exceptions. 28 U.S.C. § 1367; *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). Generally speaking, if one of these criterions has not been met as related to a specific claim, a federal court does not have jurisdiction to hear that claim. *Arbaugh*, 546 U.S. at 513–14.

The single cause of action that Plaintiff raises in the FAC against Defendants Bell, Sell-Bell, Carpenter, and Keller Williams is tortious interference with prospective economic

advantage. (*See* FAC 4–5). This is a cause of action based on state law. *See In re Amerco Derivative Litig.*, 252 P.3d 681, 702 (Nev. 2011). Accordingly, for this Court to have jurisdiction over the claim, Plaintiff must have shown at least one of two things in the FAC. First, she could show complete diversity of the parties by alleging the domiciles of each. *See Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). Or second, she could allege a cause of action under federal law and demonstrate that the state tort claim shares "a common nucleus of operative fact with the federal claim[]." *Bahrampour*, 356 F.3d at 978.

It is clear from the FAC that Plaintiff has not attempted to establish subject-matter jurisdiction over the tortious interference claim based on a diversity of citizenship. She has not pleaded the domiciles of any of the parties. In other filings, Plaintiff has asserted that she is a citizen of California and that she believes Defendants Colvin, Carpenter, and Keller Williams are "located in Nevada." (*See* Resp. to Mot. to Dismiss 2, ECF No. 23). Though not alleged in the FAC, Colvin and Carpenter may well be citizens of Nevada, but it is unclear where Keller Williams would claim citizenship. Keller Williams is certainly some sort of business entity, but whether it is a corporation, a limited liability company, or other is unclear from the FAC. The law applies a specific test to each of these types of business associations to determine a particular company's citizenship for diversity purposes. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). There are simply no facts in the FAC that would allow the Court to determine Keller Williams's citizenship in analyzing the parties' diversity.

Besides these deficiencies in diversity jurisdiction, Plaintiff has taken the position in at least one filing in this case that "[t]echnically," Bell and Sell-Bell live "on the California side of Verdi, where they are residents according to the County Recorder's office in California." (Resp.

to Mot. for Security of Costs 2, ECF No. 39). This certainly indicates that there is a lack of complete diversity between Plaintiff and Defendants as required for subject-matter jurisdiction. *See Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998) (stating that diversity jurisdiction exists "only if there is no plaintiff and no defendant who are citizens of the same State"). The Court, therefore, must determine whether Plaintiff has properly alleged any federal law claims such that jurisdiction is proper.

The only claim that Plaintiff raises in her FAC that could arguably arise under federal law is her allegation that Defendant Colvin violated the "Consumer Protection Act" by engaging in false advertising.[2] But Plaintiff alleges no statutes to accompany this assertion, and leaves it completely open as to what consumer protection act she is invoking.[3] Since she alleges that Colvin's violation is a result of false advertising, it appears as though she may be asserting a claim under the Lanham Act, 28 U.S.C. § 1125(a) (prohibiting false or misleading advertising).

However, the Supreme Court has held that a cause of action under the Lanham Act "is for competitors, not consumers." *POM Wonderful LLC v. Coca-Cola Co.*, 134 S. Ct. 2228, 2234 (2014). And even if it were for consumers, there is no indication in the FAC that Plaintiff ever engaged Colvin for her services or that Plaintiff relied to her detriment on advertisements Colvin made. Furthermore, it appears more likely that Plaintiff's allegations against Colvin arise under the Nevada Consumer Protection Law, N.R.S. 589.0903, which prohibits false advertising, rather

---

[2] Plaintiff also alleges that Colvin engaged in fraud and violated the Nevada Rules of Professional Conduct, but neither of these claims arises under federal law. *See In re Discipline of Schaefer*, 25 P.3d 191, 195 (Nev. 2001); *Villescas v. CNA Ins. Cos.*, 864 P.2d 288, 292 (Nev. 1993).

[3] There are a number of federal "consumer protection" laws, such as the Lanham Act, 15 U.S.C. § 1125(a), the Anti-Cybersquatting and Consumer Protection Act, 15 U.S.C. § 1125(d), and the Telephone Consumer Protection Act, 47 U.S.C. § 227(b), to name a few.

8

than under federal law.[4]  The Court, therefore, finds that Plaintiff has not asserted any right in the FAC that creates federal-question jurisdiction.[5]

Because there is a lack of complete diversity between Plaintiff and at least two of the Defendants, and because Plaintiff pleads no right arising under federal law, the Court is without subject-matter jurisdiction and must dismiss the case. *Arbaugh*, 546 U.S. at 514.  The Court does so with prejudice.  In its previous Order, the Court explicitly identified the deficiencies in Plaintiff's complaint and invited her to make the necessary corrections and refile. (*See* ECF No. 33)  She did not attempt to correct those deficiencies.  And now, Plaintiff, perhaps inadvertently, has made it clear that granting further leave to amend would not cure the diversity issue as she and Bell are both citizens of California.  It is also evident that Plaintiff cannot bring her false advertising claim against Colvin under any federal law that she has even impliedly identified.  Thus, the Court finds that granting additional leave to amend the FAC would be futile. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

///

///

///

///

///

///

---

[4] The Court also notes that Plaintiff has failed to identify any assertion of fact that might lead to a plausible inference of false advertising on Colvin's part.  Plaintiff states that Colvin advertises on her website that she has "nine years of legal experience," that she has a "good working relationship with bankruptcy trustees," and that her firm is a "debt relief agency." (FAC 12).  These are not inherently false statements, and Plaintiff offers no evidence that they are actually false.

[5] The mere fact that Plaintiff included the word "federal" to describe her claims against Colvin does not necessarily mean that they are properly pleaded as federal causes of action, especially since there is no indication that the rights asserted actually arise under federal law rather than state law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987) (stating that federal-question jurisdiction "exists only when a federal question is presented *on the face* of the plaintiff's properly pleaded complaint") (emphasis added).

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 43) is GRANTED with prejudice.  The Clerk is ordered to close this case.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend (ECF No. 48) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motions to Dismiss (ECF Nos. 27, 30, 48) and Motions for Demand for Security of Costs (ECF Nos. 37, 38) are all DENIED as moot.

IT IS SO ORDERED.

Dated:  June 16, 2015

_____
ROBERT C. JONES
United States District Judge