UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| JEWEL SHEPARD, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | 3:15-cv-0058-RCJ-VPC |
| vs. | | |
| RICHARD K. BELL et al., | | **ORDER** |
| Defendants. | | |

This case arises from the alleged conduct of the various Defendants related to property awarded to Plaintiff's ex-spouse, Defendant Richard K. Bell ("Bell"), in the parties' divorce decree. Pending before the Court is a Motion to Reconsider the dismissal of Plaintiff Jewel Shepard's case (ECF No. 53). For the reasons given herein, Plaintiff's motion is DENIED.

**I.      FACTS AND PROCEDURAL HISTORY**

On January 27, 2015, Plaintiff filed a complaint for this case, proceeding *pro se*. (ECF No. 1). On March 27, 2015, the Court granted Defendants' motions to dismiss with leave to amend (Order 1, ECF No. 33), and Plaintiff filed an amended complaint ("FAC") on April 9, 2015 (ECF No. 36). On June 16, 2015, the Court then granted with prejudice Defendants' motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). (Order 1, ECF No. 52). Plaintiff now asks the Court to reconsider its order to dismiss the case.

## II. LEGAL STANDARD

Granting a motion to reconsider is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). A motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In some cases, "other, highly unusual, circumstances" may warrant reconsideration." *Id.*

## III. DISCUSSION

Plaintiff has not provided the Court with any basis for reconsidering its order dismissing the case. In granting the motion to dismiss, the Court found that Plaintiff failed to raise any federal claims. She raised one claim based on state law (tortious interference with prospective economic advantage) and a false advertising claim that was not clearly based on either federal or state law. (Order, 6–8, ECF No. 52). The Court found that even if the false advertising claim had been based on federal law, that law is not applicable to this case. (*Id.* at 8).

In this Motion, Plaintiff has not presented any arguments or evidence relevant to this case that she could not reasonably have raised earlier. She claims that Defendants have violated the False Claims Act, 31 U.S.C. § 3729, but she failed to raise this claim in either her complaint or FAC.

The Court also found that Plaintiff failed to establish diversity jurisdiction because she did not plead the domiciles of any of the parties. (Order, 7, ECF No. 52). Specifically, Plaintiff provided no facts to determine the citizenship of Defendant Keller Williams, and she took a position that two Defendants (Richard K. Bell and Cheryl Lynn Zittle Sell-Bell) live in California, which destroyed complete diversity. In this Motion, Plaintiff identifies the headquarters of Defendant Keller Williams as Austin, TX (Mot. for Recons., 16, ECF No. 53), but she fails to provide any clear evidence regarding the domiciles of Bell and Sell-Bell or any evidence she could not have raised earlier.

Plaintiff has not presented any newly discovered evidence or shown any clear error or change in controlling law. She also has not proven any manifest injustice or highly unusual circumstances involving the decision that warrant reconsideration.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 53) is DENIED.

IT IS SO ORDERED.

Dated this 3rd day of September, 2015.

_____
ROBERT C. JONES
United States District Judge